# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

GWENDOLYN WHITE,                         )
            Plaintiff,               )
               vs.              )
CITY OF CHICAGO, a municipal corporation, )
OFFICER JOHN DOE, OFFICER JANE DOE,      )
OFFICER RICHARD ROE, and OFFICER         )
MICHAEL MOE who stopped, detained,       )
and searched Plaintiff on April 29, 2002, )
believed to be traveling in vehicles bearing the )
license plate numbers M 1121470 and M 115265 )
(Or M 115256),                           )
            Defendants.              )



No
02C 3690
JUDGE ANDERSEN
MAGISTRATE JUDGE LEVIN

DOCKETED
MAY 2 4 2002

FILED-EDS
02 MAY 22 PM 4: 07
CLERK
U.S. DISTRICT COURT

## COMPLAINT
### (Civil Rights)

## JURISDICTION

1.    This action is brought pursuant to 42 U.S.C. §1983 to redress deprivations of

constitutional and civil rights committed under color of state law. Jurisdiction is invoked

under 28 U. S. C. §§1331(a) and 1343(a)(3). Plaintiff also invokes the supplemental

jurisdiction of this court under 28 U.S.C. § 1367. Plaintiff demands trial by jury on all

issues and claims pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## PARTIES

2.    Plaintiff Gwendolyn White was at all relevant times a citizen of the United States

and a resident of Cook County, Illinois.

3.    Defendant City of Chicago is an Illinois municipal corporation, and is the employer of

Officer John Doe, Officer Jane Doe, Officer Richard Roe, and Officer Michael Moe who stopped, detained, and searched Plaintiff on April 29, 2002. The City of Chicago is responsible for the acts of Defendant Officer John Doe, Defendant Officer Jane Doe, Defendant Officer Richard Roe, and Defendant Officer Michael Moe while employed by the City of Chicago and acting within the scope of their employment.

4. Defendant Officer John Doe was at all times material hereto a duly appointed officer of the City of Chicago Police Department and was acting in his individual capacity and under color of state law and within the scope of his employment.

5. Defendant Officer Jane Doe was at all times material hereto a duly appointed officer of the City of Chicago Police Department and was acting in her individual capacity and under color of state law and within the scope of her employment.

6. Defendant Officer Richard Roe was at all times material hereto a duly appointed officer of the City of Chicago Police Department and was acting in his individual capacity and under color of state law and within the scope of his employment.

7. Defendant Officer Michael Moe was at all times material hereto a duly appointed officer of the City of Chicago Police Department and was acting in his individual capacity and under color of state law and within the scope of his employment.

### **Facts Upon Which the Claims are Based**

8. On or about 10:30 p.m. on April 29, 2002, Plaintiff and a male friend walked from their home on 72nd and Constance to a nearby Church's Chicken. At approximately 10:30 p.m. on April 29, 2002, Plaintiff and her friend were walking home in the vicinity of 71st and Stony Island with their takeout food from Church's Chicken when an unmarked police

2

car, believed to bear the license plate number M 115265, M 115256 or M 1121470, pulled in front of the Plaintiff and her friend, blocking their path and almost running over the Plaintiff's foot.

9. Defendant Officers John Doe and Richard Roe, both dressed in plain clothes, exited the unmarked vehicle and ordered Plaintiff and her friend to place their hands against the police car. Plaintiff and her friend placed the bags containing food from Church's Chicken on top of the police car and complied with the Defendants' instructions. When Plaintiff inquired as to the reason for the stop, she was told by Defendant John Doe that it was a "random police search" and that she was "in a high-crime area."

10. Defendants John Doe and Richard Roe proceeded to conduct a "pat down" search of the Plaintiff and her male friend.

11. When Plaintiff again inquired as to why they had been stopped, Defendant John Doe responded, "You're going to make it a police matter" and stated, "I am the law."

12. Defendant John Doe radioed for a female officer to come to the scene and, shortly thereafter, Defendant Officers Jane Doe and Michael Moe arrived on the scene, also dressed in plain clothes and traveling in an unmarked vehicle, believed to bear the license plate number M 115265, M 115256 or M 1121470. Defendant Jane Doe and her companion, Michael Moe, exited the vehicle and approached the Plaintiff.

13. Plaintiff, who had been facing the unmarked police car Defendants John Doe and Roe had arrived in, was ordered by Defendant Jane Doe to turn and move to the rear of the vehicle so that the Plaintiff was facing towards the end of the police car and Defendants John Doe, Roe and Moe. At this time, Defendants John Doe, Roe, and Moe were standing

3

close to the Plaintiff.

14.    Defendant Jane Doe ordered Plaintiff to hold up her arms and, in the presence and full view of Defendants John Doe, Roe, Moe, and other individuals, Defendant Jane Doe placed her hands under Plaintiff's sweater, rolled up Plaintiff's brassiere, and felt around Plaintiff's breasts. After squeezing Plaintiff's breasts, Defendant Jane Doe replaced Plaintiff's brassiere and removed her hands from Plaintiff's body.

15.    Defendants John Doe, Roe and Moe, who were facing Plaintiff during the search, laughed while Defendant Jane Doe strip searched Plaintiff in their full view.

16.    At no time was Plaintiff's male friend subjected to such a procedure or examination.

17.    At no time were the bags Plaintiff and her male friend carried searched or examined.

18.    As Defendants John Doe, Roe, Jane Doe and Moe prepared to leave the scene, Plaintiff requested the names and badge numbers of the officers. Only Defendant John Doe supplied the information, and spoke so rapidly that Plaintiff was unable to hear or memorize the information. Plaintiff then asked the Defendants for a pen with which to write down the information, but the Defendants refused.

19.    After the Defendants' failure to assist the Plaintiff, Plaintiff asked her male friend to memorize the license plate one of the vehicles, and Plaintiff took a step forward to look at the other license plate. At that time, Defendant Moe violently grabbed Plaintiff's arm and demanded to know what she was doing. Plaintiff stated that she wanted Defendant Jane Doe and Defendant Moe's license plate number because she intended to file a complaint against them. Defendant John Doe then asked Plaintiff why she was getting the license plate number of Defendants Jane Doe and Moe, "when they didn't do anything."

4

20. Defendants John Doe and Richard Roe demanded from Plaintiff and her male friend their information, including their names, addresses and social security numbers.

21. Defendants John Doe, Richard Roe, Jane Doe, and Michael Moe departed the scene.

22. Upon reaching her home, Plaintiff called the Office of Professional Standards and reported her stop, detention and search on the basis of a "random police stop" in a "high crime area." Plaintiff was informed by the Office of Professional Standards that random stops and searches of citizens by police officers do not exist.

23. In addition to suffering great embarrassment, humiliation and emotional distress, Plaintiff also suffered physical pain and discomfort.

24. Due to the statements made by Defendant John Doe, Plaintiff believes she and her male friend were stopped because they are African-American.

### COUNT I

**(Fourth Amendment - Unlawful Seizure vs. All Defendants except the City of Chicago)**

25. By the conduct alleged herein, Defendants John Doe, Jane Doe, Richard Roe and Michael Moe deprived Plaintiff of her right to be free from unlawful seizure and detention as those rights are secured by the Fourth and Fourteenth Amendments to the United States Constitution.

26. Said acts or omissions, as alleged herein, were done by Defendants John Doe, Jane Doe, Richard Roe and Michael Moe willfully, recklessly, and oppressively without legal justification and for the sole purpose of depriving Plaintiff of her constitutional rights under the law.

5

27. As a direct and proximate consequence of the matters herein alleged, Plaintiff suffered emotional trauma, anguish, and humiliation.

WHEREFORE, Plaintiff respectfully requests this Court award the following:

A. Declaratory relief pursuant to 28 USCA § 2201, declaring the Defendants' behavior unconstitutional;

B. A permanent injunction (1) ordering the City of Chicago to forever cease and desist in its practice of stopping, detaining, and searching individuals without probable cause or a warrant, and (2) ordering Defendant City of Chicago to forever cease and desist its practice of strip searching citizens on public streets;

C. Judgment for compensatory damages against Defendants John Doe, Jane Doe, Richard Roe and Michael Moe in excess of $50,000.00;

D. Judgment for punitive damages against Defendants John Doe, Jane Doe, Richard Roe and Michael Moe;

C. Such other relief as this Court deems fit, including costs and attorneys' fees pursuant to 42 U.S.C. § 1988.

## COUNT II

**(Fourth Amendment - Unlawful Search vs. All Defendants except the City of Chicago)**

41. Plaintiff restates and realleges paragraphs 1 through 24 in haec verba.

42. By the conduct alleged herein, Defendants John Doe, Jane Doe, Richard Roe and Michael Moe deprived Plaintiff of her right to be free from unlawful searches made without a warrant or probable cause as those rights are secured by the Fourth and Fourteenth Amendments to the United States Constitution.

43. Said acts or omissions, as alleged herein, were done by Defendants John Doe, Jane Doe, Richard Roe and Michael Moe willfully, recklessly, and oppressively without legal justification and for the sole purpose of depriving Plaintiff of her constitutional rights

6

under the law.

44. As a direct and proximate consequence of the matters herein alleged, Plaintiff suffered emotional trauma, anguish, and humiliation.

WHEREFORE, Plaintiff respectfully requests this Court award the following:

A. Declaratory relief pursuant to 28 USCA § 2201, declaring the Defendants' behavior unconstitutional;

B. A permanent injunction (1) ordering the City of Chicago to forever cease and desist in its practice of stopping, detaining, and searching individuals without probable cause or a warrant, and (2) ordering Defendant City of Chicago to forever cease and desist its practice of strip searching citizens on public streets;

C. Judgment for compensatory damages against Defendants John Doe, Jane Doe, Richard Roe and Michael Moe in excess of $50,000.00;

D. Judgment for punitive damages against Defendants John Doe, Jane Doe, Richard Roe and Michael Moe;

E. Such other relief as this Court deems fit, including costs and attorneys' fees pursuant to 42 U.S.C. § 1988.

## COUNT III

### (Supplemental Claim - False Imprisonment)

41. Plaintiff restates and realleges paragraphs 1 through 24 in haec verba.

42. By the conduct alleged herein, Defendants unlawfully detained Plaintiff, thus falsely imprisoning her as defined by the laws of the State of Illinois.

43. Said acts or omissions, as alleged herein were done by Defendants willfully, recklessly, or oppressively, without legal justification, and for the sole purpose of depriving Plaintiff of her rights under Illinois law.

44. As a direct and proximate consequence of the matters herein alleged, Plaintiff suffered

7

great pain, emotional trauma, anguish, and incurred legal expenses.

WHEREFORE, Plaintiff respectfully requests this Court award the following:

A.    Judgment against each of the Defendants for compensatory damages in an amount in excess of $50,000;

B.    Judgment against each of the Defendants for punitive damages in an amount in excess of $50,000, except the CITY OF CHICAGO; and

C.    Such other relief that law and justice require, including costs.

## COUNT IV

### (Supplemental Claim - Intentional Infliction of Emotional Distress v. Defendants John Doe and Jane Doe, Only)

45.    Plaintiff restates and realleges paragraphs 1 through 24 in haec verba.

46.    The acts and conduct of Defendants John Doe and Jane Doe as set forth above were extreme and outrageous.

47.    The Defendants intended to cause, or were in reckless disregard of the probability that their conduct would cause, severe emotional distress to the Plaintiff.

48.    Said actions and conduct did directly and proximately cause severe emotional distress to the Plaintiff.

49.    Defendant John Doe and Defendant Jane Doe's conduct intended to threaten, harass and intimidate Plaintiff. Said actions and conduct constitute intentional infliction of emotional distress.

WHEREFORE, Plaintiff respectfully requests this Court award the following:

A.    Judgment against Defendants John Doe and Jane Doe for compensatory damages in an amount in excess of $50,000; and

B.    Such other relief that law and justice require, including costs.

## COUNT V

### (Supplemental Claim--Failure to Train v. City of Chicago, Only)

68.   Plaintiff restates and realleges paragraphs 1 through 24 in haec verba.

69.   Defendant City of Chicago had a duty to Plaintiff at all times material hereto under Illinois law to adequately train Defendants John Doe, Jane Doe, Richard Roe and Michael Moe when working to support the City of Chicago.

70.   Defendant City of Chicago breached its duty under Illinois law, as it failed to train Defendants John Doe, Jane Doe, Richard Roe and Michael Moe adequately on the constitutional bases required for stopping, detaining, and searching citizens .

71.   Defendant City of Chicago knew or reasonably should have known that its failure to adequately train Defendants John Doe, Jane Doe, Richard Roe and Michael Moe would create a foreseeable danger to Plaintiff.

72.   At the time of the incidents described above, Defendant City of Chicago knew or should have known that the individual Defendants would come into contact with the public and, without proper training on probable cause and constitutionally correct searches and seizures, would exercise their authority as law enforcement officers in an unconstitutional manner.

73.   The breach of the above duty and the inadequate training of Defendants John Doe, Jane Doe, Richard Roe and Michael Moe was the proximate cause of Plaintiff's injuries.

WHEREFORE, Plaintiff respectfully requests this Court award the following:

A.  Judgment against Defendant City of Chicago for compensatory damages in an amount in excess of $50,000; and

B.  Such other relief that law and justice require, including costs.

## COUNT VI

### (Supplemental Claim--Failure to Supervise v. City of Chicago. Only)

74.  Plaintiff restates and realleges paragraphs 1 through 24 in haec verba.

75.  Defendant City of Chicago had a duty to Plaintiff at all times material hereto under Illinois law to adequately supervise Defendants John Doe, Jane Doe, Richard Roe and Michael Moe when working to support the City of Chicago.

76.  Defendant City of Chicago breached its duty under Illinois law, as it failed to supervise Defendants John Doe, Jane Doe, Richard Roe and Michael Moe adequately.

77.  Defendant City of Chicago failed to supervise these individual employees in the constitutionally permissible exercise of their duties and in the appropriate use of their authority.

78.  Defendant City of Chicago knew or reasonably should have knows that its failure to adequately supervise the Defendants would create a foreseeable danger to Plaintiff.

79.  At the time of this incident, Defendant City of Chicago knew or should have known that the individual Defendants would come into contact with the public without proper supervision of their actions.

80.  The breach of the above duty and the inadequate supervision of the individual Defendants was the proximate cause of the Plaintiff's injuries.

WHEREFORE, Plaintiff respectfully requests this Court award the following:

A.    Judgment against Defendant City of Chicago for compensatory damages in an amount in excess of $50,000; and

B.    Such other relief that law and justice require, including costs.

Respectfully submitted,

Edward T. Stein

Date: May 22, 2002

Edward T. Stein
LAW OFFICES OF EDWARD T. STEIN
200 S. Michigan, Suite 1240
Chicago, IL 60604
(312) 786-0200
ATTORNEY FOR PLAINTIFF

11

Civil Cover Sheet

Page 1 of 1

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS

# Civil Cover Sheet     02C 3690

This automated JS-44 conforms generally to the manual JS-44 approved by the Judicial Conference of the United States in September 1974. The data is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. The information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law. This form is authorized for use only in the Northern District of Illinois.

JUDGE ANDERSEN

| | |
|---|---|
| **Plaintiff(s): Gwendolyn White** | **Defendant(s):** City of Chicago, Officer John Doe, Officer Jane Doe, Officer Richard Roe, and Officer Michael Moe |
| County of Residence: Cook County | County of Residence: Cook County |
| Plaintiff's Atty: Edward T. Stein<br>Law Offices of Edward T. Stein<br>200 S. Michigan Ave. Ste. 200<br>312-786-0200 | Defendant's Atty: MAGISTRATE JUDGE LEVIN |

DOCKETED
MAY 2 4 2002

FILED 02 MAY 22 PM 4:07
CLERK U.S. DISTRICT COURT

II. Basis of Jurisdiction:     **3. Federal Question (U.S. not a party)**

III. Citizenship of Principal
Parties (Diversity Cases Only)
          Plaintiff:- **N/A**
          Defendant:- **N/A**

IV. Origin :     **1. Original Proceeding**

V. Nature of Suit:     **440 Other Civil Rights**

VI. Cause of Action:     **Violations of Fourth Amendment pursuant to 42 U.S.C. s 1983**

VII. Requested in Complaint
          Class Action: **No**
          Dollar Demand: **50000**
          Jury Demand: **Yes**

VIII. This case **IS NOT** a refiling of a previously dismissed case.

Signature:

Date: 5/22/02

If any of this information is incorrect, please go back to the Civil Cover Sheet Input form using the *Back* button in your browser and change it. Once correct, print this form, sign and date it and submit it with your new civil action. **Note: You may need to adjust the font size in your browser display to make the form print properly.**     Revised: 06/28/00

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS

In the Matter of

**GWENDOLYN WHITE,**

**Plaintiff,**

v.

**CITY OF CHICAGO, a municipal corporation, OFFICER JOHN DOE, OFFICER JANE DOE, OFFICER RICHARD ROE, and OFFICER MICHAEL MOE who stopped, detained, and searched Plaintiff on April 29, 2002, believed to be traveling in vehicles bearing the license plate numbers M 1121470 and M 115265 (Or M 115256),**

**Defendants.**

**DOCKETED**

MAY 2 4 2002

Case Number:

**02C 3690**

**JUDGE ANDERSEN**

MAGISTRATE JUDGE LEVIN

FILED-EDS
02 MAY 22 PM 4: 07
CLERK
U.S. DISTRICT COURT

APPEARANCES ARE HEREBY FILED BY THE UNDERSIGNED AS ATTORNEY(S) FOR
**GWENDOLYN WHITE, Plaintiff**

| (A) | (B) |
|---|---|
| SIGNATURE | SIGNATURE |
| NAME  Edward T. Stein | NAME |
| FIRM  Law Offices of Edward T. Stein | FIRM |
| STREET ADDRESS  200 S. Michigan Ave. Ste. 1240 | STREET ADDRESS |
| CITY/STATE/ZIP  Chicago, IL 60302 | CITY/STATE/ZIP |
| TELEPHONE NUMBER  312-786-0200    FAX NUMBER 312-786-1966 | TELEPHONE NUMBER    FAX NUMBER |
| E-MAIL ADDRESS  etstein@crlw.com | E-MAIL ADDRESS |
| IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE)  02716046 | IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE) |
| MEMBER OF TRIAL BAR?    YES ☐  NO ☐ | MEMBER OF TRIAL BAR?    YES ☐  NO ☐ |
| TRIAL ATTORNEY?    YES ☐  NO ☐ | TRIAL ATTORNEY?    YES ☐  NO ☐ |
|  | DESIGNATED AS LOCAL COUNSEL?    YES ☐  NO ☐ |
| (C) | (D) |
| SIGNATURE | SIGNATURE |
| NAME | NAME |
| FIRM | FIRM |

13