ORIGINAL

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

FILED

OCT 1 1 2002

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

| | | |
|---|---|---|
| GWENDOLYN WHITE, | ) | |
| | ) | |
| Plaintiff, | ) | No. 02 C 3690 |
| | ) | |
| vs. | ) | |
| | ) | Judge Wayne Anderson |
| CITY OF CHICAGO, a municipal corporation, | ) | |
| OFFICER RONALD COLEMAN, STAR #05922, | ) | |
| OFFICER JOSHUA WALLACE, STAR#16916, | ) | Magistrate Judge Denlow |
| OFFICER DANE MARIJAN, STAR#10173, | ) | |
| and OFFICER JACQUELIN REGAN, | ) | |
| STAR#13079 , | ) | |
| | ) | |
| Defendants. | ) | |

DOCKETED

OCT 1 5 2002

## NOTICE OF FILING

To:   Alec M. McAusland                    Penelope George
      Asst. Corporation Counsel            Asst. Corporation Counsel
      City of Chicago Law Dept.            City of Chicago Law Dept.
      30 N. LaSalle, Room 900              30 N. LaSalle, Room 900
      Chicago, IL 60602                    Chicago, IL 60602

   PLEASE TAKE NOTICE that on the 11th day of October, 2002, there was filed with the
Clerk of the United States District Court for the Northern District of Illinois, Eastern Division,
Plaintiff's Amended Complaint, a copy of which is attached hereto.

Date:   October 11, 2002

LAW OFFICES OF EDWARD T. STEIN
200 S. Michigan Suite 1240
Chicago, IL 60604
(312) 786 0200

## CERTIFICATE OF SERVICE

I hereby certify that I will serve a copy of the foregoing amended complaint to the Defendant at its address of record, via facsimile on the 11th day of October, 2002.

Executed on October 11, 2002 at
Chicago, Illinois

TRANSMISSION VERIFICATION REPORT

```
TIME   : 10/11/2002 10:34
NAME   : LAW OFFICES
FAX    : 3127061966
TEL    : 3127060200
SER.# : BROG2J524853
```

```
DATE,TIME           10/11  10:31
FAX NO./NAME        7446566
DURATION            00:02:56
PAGE(S)             13
RESULT              OK
MODE                STANDARD
                    ECM
```

ORIGINAL

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

GWENDOLYN WHITE,     )
                               )
           Plaintiff,     )    No.    02 C 3690
                               )
     vs.                   )
                               )    Judge Wayne Andersen
CITY OF CHICAGO, a municipal corporation, )
OFFICER RONALD COLEMAN, STAR #05922, )
OFFICER JOSHUA WALLACE, STAR#16916, )    Magistrate Judge Denlow
OFFICER DANE MARIJAN, STAR#10173, )
and OFFICER JACQUELIN REGAN, )
STAR#13079 )
           Defendants.   )

DOCKETED
OCT 1 5 2002

FILED
OCT 1 1 2002
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

## AMENDED COMPLAINT
### (Civil Rights)

### JURISDICTION

1.    This action is brought pursuant to 42 U.S.C. §1983 to redress deprivations of

constitutional and civil rights committed under color of state law. Jurisdiction is invoked under

28 U. S. C. §§1331(a) and 1343(a)(3). Plaintiff also invokes the supplemental jurisdiction of this

court under 28 U.S.C. § 1367. Plaintiff demands trial by jury on all issues and claims pursuant to

Rule 38 of the Federal Rules of Civil Procedure.

### PARTIES

2.    Plaintiff Gwendolyn White was at all relevant times a citizen of the United States and a

resident of Cook County, Illinois.

3.    Defendant City of Chicago is an Illinois municipal corporation, and is the employer of

Officer Ronald Coleman, Officer Joshua Wallace, Officer Dane Marijan, and Officer Jacquelin

7

Regan who stopped, detained, and searched Plaintiff on April 29, 2002. The City of Chicago is responsible for the acts of Defendant Officer Coleman, Defendant Officer Wallace, Defendant Officer Marijan, and Defendant Officer Regan while employed by the City of Chicago and acting within the scope of their employment.

4.      Defendant Officer Coleman was at all times material hereto a duly appointed officer of the City of Chicago Police Department and was acting in his individual capacity and under color of state law and within the scope of his employment.

5.      Defendant Officer Wallace was at all times material hereto a duly appointed officer of the City of Chicago Police Department and was acting in his individual capacity and under color of state law and within the scope of his employment.

6.      Defendant Officer Marijan was at all times material hereto a duly appointed officer of the City of Chicago Police Department and was acting in his individual capacity and under color of state law and within the scope of his employment.

7.      Defendant Officer Regan was at all times material hereto a duly appointed officer of the City of Chicago Police Department and was acting in her individual capacity and under color of state law and within the scope of her employment.

## Facts Upon Which the Claims are Based

8.      On or about 10:30 p.m. on April 29, 2002, Plaintiff and a male friend walked from their home on 72nd and Constance to a nearby Church's Chicken. At approximately 10:30 p.m. on April 29, 2002, Plaintiff and her friend were walking home in the vicinity of 71st and Stony Island with their takeout food from Church's Chicken when an unmarked police car bearing the license plate number M 121470 pulled in front of the Plaintiff and her friend, blocking their path and almost running over the Plaintiff's foot.

2

9.     Defendant Officers Coleman and Wallace, both dressed in plain clothes, exited the unmarked vehicle and ordered Plaintiff and her friend to place their hands against the police car. Plaintiff and her friend placed the bags containing food from Church's Chicken on top of the police car and complied with the Defendants' instructions.  When Plaintiff inquired as to the reason for the stop, she was told by Defendant Coleman that it was a "random police search" and that she was "in a high-crime area."

10.     Defendants Coleman and Wallace proceeded to conduct a "pat down" search of the Plaintiff and her male friend.

11.     When Plaintiff again inquired as to why they had been stopped, Defendant Coleman responded, "You're going to make it a police matter" and stated, "I am the law."

12.     Defendant Coleman radioed for a female officer to come to the scene and, shortly thereafter, Defendant Officers Regan and Marijan arrived on the scene, also dressed in plain clothes and traveling in an unmarked vehicle bearing the license plate number M 115265. Defendant Officer Regan and her companion, Defendant Officer Marijan, exited the vehicle and approached the Plaintiff.

13.     Plaintiff, who had been facing the unmarked police car Defendants Coleman and Wallace had arrived in, was ordered by Defendant Regan to turn and move to the rear of the vehicle so that the Plaintiff was facing towards the end of the police car and Defendants Coleman, Wallace, and Marijan.  At this time, Defendants Coleman, Wallace, and Marijan were standing close to the Plaintiff.

14.     Defendant Regan ordered Plaintiff to hold up her arms and, in the presence and full view of Defendants Coleman, Wallace, Marijan and other individuals,  Defendant Regan placed her hands under Plaintiff's sweater, rolled up Plaintiff's brassiere, and felt around Plaintiff's breasts.

3

After squeezing Plaintiff's breasts, Defendant Regan replaced Plaintiff's brassiere and removed her hands from Plaintiff's body.

15.     Defendants Coleman, Wallace and Marijan, who were facing Plaintiff during the search, laughed while Defendant Regan strip searched Plaintiff in their full view.

16.     At no time was Plaintiff's male friend subjected to such a procedure or examination.

17.     At no time were the bags Plaintiff and her male friend carried searched or examined.

18.     As Defendants Coleman, Wallace, Regan and Marijan prepared to leave the scene, Plaintiff requested the names and badge numbers of the officers. Only Defendant Coleman supplied the information, and spoke so rapidly that Plaintiff was unable to hear or memorize the information. Plaintiff then asked the Defendants for a pen with which to write down the information, but the Defendants refused.

19.     After the Defendants' failure to assist the Plaintiff, Plaintiff asked her male friend to memorize the license plate of one of the vehicles, and Plaintiff took a step forward to look at the other license plate. At that time, Defendant Marijan violently grabbed Plaintiff's arm and demanded to know what she was doing. Plaintiff stated that she wanted Defendant Regan and Defendant Marijan's license plate number because she intended to file a complaint against them. Defendant Coleman then asked Plaintiff why she was getting the license plate number of Defendants Regan and Marijan, "when they didn't do anything."

20.     Defendants Coleman and Wallace demanded from Plaintiff and her male friend their information, including their names, addresses and social security numbers.

21.     Defendants Coleman, Wallace, Regan, and Marijan departed the scene.

22.     Upon reaching her home, Plaintiff called the Office of Professional Standards and reported her stop, detention and search on the basis of a "random police stop" in a "high crime

4

area." Plaintiff was informed by the Office of Professional Standards that random stops and searches of citizens by police officers do not exist.

23.     In addition to suffering great embarrassment, humiliation and emotional distress, Plaintiff also suffered physical pain and discomfort.

24.     Due to the statements made by Defendant Coleman, Plaintiff believes she and her male friend were stopped because they are African-American.

## COUNT I

**(Fourth Amendment - Unlawful Seizure vs. All Defendants except the City of Chicago)**

25.     Plaintiff restates and realleges paragraphs 1 through 24 in haec verba.

26.     By the conduct alleged herein, Defendants Coleman, Regan, Wallace and Marijan deprived Plaintiff of her right to be free from unlawful seizure and detention as those rights are secured by the Fourth and Fourteenth Amendments to the United States Constitution.

27.     Said acts or omissions, as alleged herein, were done by Defendants Coleman, Regan, Wallace and Marijan willfully, recklessly, and oppressively without legal justification and for the sole purpose of depriving Plaintiff of her constitutional rights under the law.

28.     As a direct and proximate consequence of the matters herein alleged, Plaintiff suffered emotional trauma, anguish, and humiliation.

WHEREFORE, Plaintiff respectfully requests this Court award the following:

A.      Judgment for compensatory damages against Defendants Coleman, Regan, Wallace and Marijan in excess of $50,000.00;

B.      Judgment for punitive damages against Defendants Coleman, Regan, Wallace and Marijan;

C.      Such other relief as this Court deems fit, including costs and attorneys' fees pursuant to 42 U.S.C. § 1988.

5

## COUNT II

### (Fourth Amendment - Unlawful Search vs. All Defendants except the City of Chicago)

29.    Plaintiff restates and realleges paragraphs 1 through 24 in haec verba.

30.    By the conduct alleged herein, Defendants Coleman, Regan, Wallace and Marijan

deprived Plaintiff of her right to be free from unlawful searches as secured by the Fourth and

Fourteenth Amendments to the United States Constitution.

31.    Said acts or omissions, as alleged herein, were done by Defendants Coleman, Regan,

Wallace and Marijan willfully, recklessly, and oppressively without legal justification and for the

sole purpose of depriving Plaintiff of her constitutional rights under the law.

32.    As a direct and proximate consequence of the matters herein alleged, Plaintiff suffered

emotional trauma, anguish, and humiliation.

WHEREFORE, Plaintiff respectfully requests this Court award the following:

A.    Judgment for compensatory damages against Defendants Coleman, Regan, Wallace and Marijan in excess of $50,000.00;

B.    Judgment for punitive damages against Defendants Coleman, Regan, Wallace and Marijan;

C.    Such other relief as this Court deems fit, including costs and attorneys' fees pursuant to 42 U.S.C. § 1988.

## COUNT III

### (Supplemental Claim - False Imprisonment)

33.    Plaintiff restates and realleges paragraphs 1 through 24 in haec verba.

34.    By the conduct alleged herein, Defendants unlawfully detained Plaintiff, thus falsely

imprisoning her as defined by the laws of the State of Illinois.

6

35.     Said acts or omissions, as alleged herein were done by Defendants willfully, recklessly, or oppressively, without legal justification, and for the sole purpose of depriving Plaintiff of her rights under Illinois law.

36.     As a direct and proximate consequence of the matters herein alleged, Plaintiff suffered great pain, emotional trauma, anguish, and incurred legal expenses.

WHEREFORE, Plaintiff respectfully requests this Court award the following:

A.     Judgment against each of the Defendants for compensatory damages in an amount in excess of $50,000;

B.     Judgment against each of the Defendants for punitive damages in an amount in excess of $50,000, except the CITY OF CHICAGO; and

C.     Such other relief that law and justice require, including costs.

## COUNT IV

### (Supplemental Claim - Intentional Infliction of Emotional Distress v. Defendants Coleman and Regan, Only)

37.     Plaintiff restates and realleges paragraphs 1 through 24 in haec verba.

38.     The acts and conduct of Defendants Coleman and Regan as set forth above were extreme and outrageous.

39.     The Defendants intended to cause, or were in reckless disregard of the probability that their conduct would cause, severe emotional distress to the Plaintiff.

40.     Said actions and conduct did directly and proximately cause severe emotional distress to the Plaintiff.

41.     Defendant Coleman and Defendant Regan's conduct intended to threaten, harass and intimidate Plaintiff. Said actions and conduct constitute intentional infliction of emotional distress.

7

WHEREFORE, Plaintiff respectfully requests this Court award the following:

A.     Judgment against Defendants Coleman and Regan for compensatory damages in an amount in excess of $50,000; and

B.     Such other relief that law and justice require, including costs.

## COUNT V

### (Supplemental Claim--Failure to Train v. City of Chicago, Only)

42.    Plaintiff restates and realleges paragraphs 1 through 24 in haec verba.

43.    Defendant City of Chicago had a duty to Plaintiff at all times material hereto under Illinois law to adequately train Defendants Coleman, Regan, Wallace and Marijan when working to support the City of Chicago.

44.    Defendant City of Chicago breached its duty under Illinois law, as it failed to train Defendants Coleman, Regan, Wallace and Marijan adequately on the constitutional bases required for stopping, detaining, and searching citizens .

45.    Defendant City of Chicago knew or reasonably should have known that its failure to adequately train Defendants Coleman, Regan, Wallace and Marijan would create a foreseeable danger to Plaintiff.

46.    At the time of the incidents described above, Defendant City of Chicago knew or should have known that the individual Defendants would come into contact with the public and, without proper training on probable cause and constitutionally correct searches and seizures, would exercise their authority as law enforcement officers in an unconstitutional manner.

47.    The breach of the above duty and the inadequate training of Defendants Coleman, Regan, Wallace and Marijan was the proximate cause of Plaintiff's injuries.

WHEREFORE, Plaintiff respectfully requests this Court award the following:

8

A.    Judgment against Defendant City of Chicago for compensatory damages in an amount in excess of $50,000; and

B.    Such other relief that law and justice require, including costs.

## COUNT VI

### (Supplemental Claim--Failure to Supervise v. City of Chicago. Only)

48.    Plaintiff restates and realleges paragraphs 1 through 24 in haec verba.

49.    Defendant City of Chicago had a duty to Plaintiff at all times material hereto under Illinois law to adequately supervise Defendants Coleman, Regan, Wallace and Marijan when working to support the City of Chicago.

50.    Defendant City of Chicago breached its duty under Illinois law, as it failed to supervise Defendants Coleman, Regan, Wallace and Marijan adequately.

51.    Defendant City of Chicago failed to supervise these individual employees in the constitutionally permissible exercise of their duties and in the appropriate use of their authority.

52.    Defendant City of Chicago knew or reasonably should have knows that its failure to adequately supervise the Defendants would create a foreseeable danger to Plaintiff.

53.    At the time of this incident, Defendant City of Chicago knew or should have known that the individual Defendants would come into contact with the public without proper supervision of their actions.

54.    The breach of the above duty and the inadequate supervision of the individual Defendants was the proximate cause of the Plaintiff's injuries.

9

WHEREFORE, Plaintiff respectfully requests this Court award the following:

A.    Judgment against Defendant City of Chicago for compensatory damages in an amount in excess of $50,000; and

B.    Such other relief that law and justice require, including costs.

Respectfully submitted,

Edward T. Stein

Date: October 11, 2002

Edward T. Stein
LAW OFFICES OF EDWARD T. STEIN
200 S. Michigan, Suite 1240
Chicago, IL 60604
(312) 786-0200
ATTORNEY FOR PLAINTIFF

10